# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SIDNEY J. BEARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 10-CV-174-JHP-TLW |
| | ) | |
| JUSTIN JONES, Director, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and appears *pro se*. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 9). Petitioner filed a response to the motion (Dkt. #13). Respondent filed a reply (Dkt. # 14) to Petitioner's response. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as time barred.

As a preliminary matter, Respondent asserts that because Petitioner is presently incarcerated at a private prison, the proper respondent in this matter is Justin Jones, Director of the Oklahoma Department of Corrections. See Dkt. #s 9, 10, and 14. The Court agrees with Respondent. Accordingly, the Clerk shall be directed to add Justin Jones as party respondent. Jim Keith, Warden, shall be dismissed from this action.

## BACKGROUND

The record reflects that at the conclusion of a jury trial held in Tulsa County District Court, Case No. CF-2004-46, Petitioner Sidney J. Beard was convicted of Felony Murder. On May 5, 2006, he was sentenced to life imprisonment. See Dkt. # 10, Ex. 6.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA"). By order filed April 14, 2008, in Case No. F-2006-539, the OCCA affirmed the Judgment and Sentence of the trial court. See Dkt. # 10, Ex. 1. Nothing in the record suggests that Petitioner sought *certiorari* review in the United States Supreme Court.

On April 13, 2009, Petitioner filed an application for post-conviction relief. See Dkt. # 10, Ex. 2. On May 6, 2009, the state district court denied post-conviction relief. See Dkt. # 10, Ex. 3. Petitioner did not file a post-conviction appeal at the OCCA. See Dkt. # 10, Ex. 6.

On March 23, 2010, the Clerk of Court received for filing Petitioner's petition for writ of habeas corpus (Dkt. # 1). Respondent has provided the outgoing legal mail log reflecting that Petitioner mailed his petition on March 22, 2010. See Dkt. # 10, Ex. 4.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on July 14, 2008,[1] after the OCCA concluded direct review on April 14, 2008, and the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on July 14, 2008, and, absent a tolling event, a federal petition for writ of habeas corpus filed after July 14, 2009, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

The record reflects that on April 13, 2009, or prior to expiration of the one-year period, Petitioner filed his application for post-conviction relief. Therefore, the limitations period was

---

[1]Ninety days after April 14, 2008, fell on July 13, 2008, a Sunday. Thus, Petitioner's conviction became final on Monday, July 14, 2008. See Fed. R. Civ. P. 6(a).

tolled, or suspended during the pendency of the post-conviction proceeding. 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). Petitioner's application for post-conviction relief was pending in the state district court from April 13, 2009, to May 6, 2009, or for 23 days. He did not file a post-conviction appeal.[2] Nonetheless, he is entitled to an additional 30 days of tolling, the time period allowed under state law for perfection of a post-conviction appeal. Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (holding that regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law). Thus, the limitations deadline in this case was extended a total of 53 days beyond July 14, 2009, or until September 8, 2009.[3] At the earliest, Petitioner filed his habeas corpus petition on March 22, 2010, or more than six (6) months beyond the deadline. See Hall v. Scott, 292 F.3d 1264, 1266 n.1 (10th Cir. 2002) (applying prisoner "mailbox rule" to filing of habeas petition). Therefore, unless Petitioner demonstrates that he is entitled to equitable tolling of the limitations period, his petition filed March 22, 2010, is clearly untimely.

In response to the motion to dismiss (Dkt. # 13), Petitioner claims that he is entitled to equitable tolling of the limitations period because fundamental errors occurred during his trial, and

---

[2] Without providing specific dates, Petitioner states that he "was locked down for 30 days in the Segregation Housing Unit. During that time period, he did not have access to any type of legal representation from a legal minded inmate. When he got released from the segregation housing unit, his time to appeal the Tulsa County District Court's Order denying his Post-Conviction Application had expired." See Dkt. # 13, n.4. Nothing in the record suggests Petitioner sought a post-conviction appeal out of time.

[3] Fifty-three days after July 14, 2009, fell on Saturday, September 5, 2009. Because Monday, September 7, 2009, was Labor Day, a federal holiday, the new deadline for filing a petition for writ of habeas corpus was Tuesday, September 8, 2009. See Fed. R. Civ. P. 6(a).

but for those errors, "nobody could ever guess if a jury would ever have case a vote of guilty." <u>See</u> Dkt. # 13. He maintains his "absolute factual innocence." <u>Id.</u> As to his failure to file a post-conviction appeal, Petitioner claims that he is "a layman at law" and lacks "the necessary legal experience" to write a "comprehensive brief" as required by state law. <u>Id.</u> He also complains that his facility experienced two security lock downs, that his facility lacks a law library, and that he was unaware of the AEDPA until after the one-year period had expired. <u>Id.</u>

The statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. <u>Holland v. Florida</u>, --- U.S. ---, 130 S.Ct. 2549, 2560, 2562 (2010); <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." <u>Gibson</u>, 232 F.3d at 808 (citing <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir. 1998)). Petitioner has the duty to pursue his federal claims with reasonable diligence and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000); <u>see also</u> <u>Miller</u>, 141 F.3d at 978. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." <u>Holland</u>, 130 S.Ct. at 2562 (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" <u>Yang v. Archuleta</u>, 525 F.3d 925, 928 (10th Cir. 2008) (quoting <u>Brown v. Barrow</u>, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling.

Gibson, 232 F.3d at 808. Petitioner's vague and conclusory statement concerning his lack of access to legal resources is insufficient to demonstrate entitlement to equitable tolling. Miller, 141 F.3d at 978. The Court also recognizes that Petitioner appears *pro se* and avers that he is unfamiliar with the law. See Dkt. # 13. However, Petitioner's conclusory statements concerning his lack of legal knowledge are insufficient to demonstrate entitlement to equitable tolling. Marsh, 223 F.3d at 1220 ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" (citations omitted)); Miller, 141 F.3d at 978.

Furthermore, prison lockdowns do not generally qualify as extraordinary events entitling a prisoner to equitable tolling. See, e.g., Dill v. Workman, 288 Fed.Appx. 454, 457 (10th Cir. 2008) (unpublished). In this case, the lock down time frames recited by Petitioner do not excuse his failure to file a timely petition. Petitioner states that his facility was first locked down "[i]n the month of August, 2009." See Dkt. # 13 at n.3. Petitioner does not state, however, how long that lock down lasted. Petitioner also states that his facility was locked down from November 22, 2009, until the last week of May, 2010. See Dkt. # 13 at n. 3. That lock down occurred after the limitations period had already expired. Furthermore, Petitioner filed his petition on March 22, 2010, or during that lock down, thereby demonstrating that a lock down does not prevent the filing of pleadings in this Court.

Lastly, the Court recognizes that Petitioner claims to be actually innocent of the crime for which he was convicted. See Dkt. # 13. The Tenth Circuit has held that where "a petitioner argues that he is entitled to equitable tolling because he is actually innocent, . . . the petitioner need make no showing of cause for the delay." Lopez v. Trani, 628 F.3d 1228, 1231 (10th Cir. 2010). Rather, "a sufficiently supported claim of actual innocence creates an exception to procedural barriers for

bringing constitutional claims, regardless of whether the petitioner demonstrated cause for failure to bring these claims forward earlier." Id. at 1230-31. To establish a credible claim of actual innocence, a petitioner must support his claim with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial," Schlup v. Delo, 513 U.S. 298, 324 (1995), and show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327. In this case, Petitioner provides no new evidence supporting his claim of actual innocence. For that reason, his claim of actual innocence does not entitle him to equitable tolling.

## CONCLUSION

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. He is not entitled to equitable tolling of the limitations period. Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.


**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.     The Clerk shall **add** Justin Jones, Director, as party respondent. Jim Keith, Warden, is **dismissed** from this action.

2.     Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9) is **granted**.

3.      The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

4.      A separate Judgment shall be entered in this matter.

James H. Payne
United States District Judge
Northern District of Oklahoma